## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                                          BKY No. 14-42151
                                                                                                      Chapter 7
Chad L. Monson,

      Debtor.

_____

J. Richard Stermer, Trustee,

      Plaintiff,                                                                   Adv. No.:  16-____

vs.                                                                                        **ADVERSARY COMPLAINT**

Allen Boecker d/b/a North Central
Services,

      Defendant.

_____

      Plaintiff J. Richard Stermer, Chapter 7 trustee ("**Trustee**") as and for his Complaint against Defendant Allen Boecker d/b/a North Central Services ("**Defendant**"), states and alleges as follows:

      1.      The Trustee is the duly appointed Chapter 7 trustee of the bankruptcy estate of the Debtor.

      2.      Defendant operates North Central Services ("**NCS**") in Sauk Centre, MN. NCS operates auctions, buys and sells used vehicles and equipment.

      3.      Debtor commenced this Chapter 7 case on May 19, 2014.

      4.      This adversary proceeding is a core proceeding under 28 U.S.C. §157.

      5.      This Complaint is brought under Bankruptcy Rule 7001(9), and this action arises under 11 U.S.C. §§541, 542, 544 and 28 U.S.C. §2201(a).  This Court has jurisdiction over this

{00322027.1 }

adversary proceeding, and this adversary proceeding is authorized under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 7001, and Local Rule 1070-1.

6. Prior to the commencement of this bankruptcy case, Debtor owned guns and ammunition.

7. Debtor caused his guns and ammunition to be delivered to Defendant for sale by auction.

8. Prior to the commencement of this case, Defendant sold property of the Debtor (guns and ammunition) and, at the instruction of the Debtor, issued checks to others. A summary of the subject checks is attached hereto as Exhibit A.

9. The prepetition transfers to others totaled $15,547.00.

10. After the commencement of this case, Defendant sold additional property of the Debtor (guns and ammunition) and paid others at Debtor's direction.

11. The postpetition checks issued to others totaled $20,719.68.

12. Defendant testified at a Bankruptcy Rule 2004 examination that he believed that the items were the Debtor's property and that he took direction from the Debtor. All guns sold were under Debtor's name for federal firearms license purposes.

13. At the times material hereto, Debtor was subject to creditors' claims including those of his now ex-wife, Jo Ann Monson, and Heritage Bank.

14. Debtor transferred the guns and ammunition solely to keep them out of the hands of his creditors.

**COUNT I – FRAUDULENT TRANSFER – ACTUAL FRAUD**

21. Plaintiff realleges the foregoing paragraphs of his Adversary Complaint.

{00322027.1 }                                    2

22. The prepetition transfers of the guns and ammunition by the Debtor to Defendant were transfers of property of the Debtor, or over which the Debtor exercised dominion and control, to Defendant without consideration.

23. The purpose of the prepetition transfers was to secure assets beyond the reach of the Debtor's creditors.

24. The Debtor caused the transfers in order to hinder, delay or defraud his creditors.

25. Creditors of the Debtor existed at the time of the transfers including, but not limited to, Jo Ann Monson and Heritage Bank.

26. Pursuant to Minn. Stat. 513.44(a)(1), made applicable to this proceeding pursuant to 11 U.S.C. §544, the Trustee may recover the prepetition transfers from Defendant, per 11 U.S.C. §550.

### COUNT II - FRAUDULENT TRANSFER – CONSTRUCTIVE FRAUD

27. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

28. The Debtor had creditors, including but not limited to, Jo Ann Monson and Heritage Bank, who had the right to sue to avoid the prepetition transfers on the date that Debtor filed for bankruptcy relief.

29. Debtor made the prepetition transfers to Defendant without receiving a reasonably equivalent value in exchange for the transfers when the Debtor was engaged in, or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction or when the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

30. Under Minn. Stat. §513.44(a)(2), made applicable to this proceeding by 11 U.S.C. §544, and under 11 U.S.C. §550, the Trustee seeks to recover from Defendant the prepetition

transfers, plus any discovered but presently unknown transfers, together with prejudgment interest.

## COUNT III - FRAUDULENT TRANSFER – ACTUAL FRAUD

31. The Trustee realleges the forgoing paragraphs of this Complaint in their entirety.

32. The prepetition transfers were transfers of property of the Debtor, or over which the Debtor exercised dominion and control, to Defendant without consideration.

33. The purpose of the prepetition transfers was to secure assets beyond the reach of the Debtor's creditors.

34. The Debtor caused the prepetition transfers with the actual intent to hinder, delay or defraud his creditors.

35. Pursuant to 11 U.S.C. §548(a)(1)(A), the Trustee may recover the transfers from Defendant, per 11 U.S.C. §550.

## COUNT IV - FRAUDULENT TRANSFER – CONSTRUCTIVE FRAUD

36. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

37. Debtor had creditors, including but not limited to, Jo Ann Monson and Heritage Bank, who had the right to sue to avoid the prepetition transfers on the date that Debtor filed for bankruptcy relief.

38. Debtor made the prepetition transfers to Defendant without receiving a reasonably equivalent value in exchange for the Transfer when the Debtor was engaged in, or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction or when the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

39. Pursuant to 11 U.S.C. §548(a)(1)(B), the Trustee may recover the transfers from Defendant, per 11 U.S.C. §550.

## COUNT V – UNAUTHORIZED TRANSFER

40. The Trustee realleges the forgoing paragraphs of this Complaint in their entirety.

41. To the extent that Defendant liquidated Debtor's property after the commencement of this case, Defendant received an unauthorized transfer pursuant to 11 U.S.C. §549.

42. Pursuant to 11 U.S.C. §§549 and 550, the Trustee seeks avoidance of the postpetition transfers and a money judgment equal to the property's value.

WHEREFORE, Plaintiff seeks this Court's order for the following:

1. Awarding the Trustee a money judgment against Defendant for the value of the prepetition transfers;

2. Awarding the Trustee a money judgment against Defendant for the value of the postpetition transfers; and

3. For such other relief as the Court deems just and equitable.

          **LEONARD, O'BRIEN**
          **SPENCER, GALE & SAYRE, LTD.**

Dated: January 6, 2016        By   /e/ Matthew R. Burton
          Matthew R. Burton, #210018
          100 South Fifth Street, Suite 2500
          Minneapolis, Minnesota 55402-1216
          (612) 332-1030
          mburton@losgs.com
          Attorneys for J. Richard Stermer, Trustee

| Sale Date | Check Date | | | |
|---|---|---|---|---|
| 4-21-14 | May 2nd / May 8th | 11,230.50 | Josh Monson | #2732 |
| | Tom Egge — | $2025.00 | | #2741 |
| 5/5/14 | May 13-14 | $8750.00 | Gary Monson | #2743 |
| 5/5/14 | May 13- | 4317.00 | Josh Monson | #2744 |
| 6/9/14 | June 13 ✓ | 9685.14 | Josh | #2780 |
| 6/9/14 | June 13 ✓ | 231.24 | Josh | #2781 |
| 6/11/14 | June 23 | $1400.00 | Tactical Mfg | #2785 |
| | June 23 ✓ | 3850.00 | Gary Monson | #2786 |
| | June 23 | 7189.51 | Josh Monson | #2787 |
| 7/14/14 | July 27 ✓ | 213.79 | Josh Monson | #2833 |

EXHIBIT A